Pietri Arviti  
vs.  
The Prudential Insurance  
Company of America

Eq. No. 12027.

March 14, 1934.

JOSLIN, J. This is a bill of complaint seeking the cancellation of three certain industrial insurance policies issued by the respondent on the life of the complainant, and for the return to him of all premiums paid thereon. The complainant's claim for relief is based upon an alleged mutual mistake of fact.

The policies were issued in 1924 and 1925. On making application therefor, the complainant stated his age to be 59 years with respect to the first and second policies and 60 years with respect to the third policy. As a matter of fact he was nine years older than the age stated.

The bill alleges that the complainant was acting in good faith when he understated his age; that the policies were issued by the company and accepted by the complainant under a mutual mistake of fact in respect to his age; that upon ascertaining definitely that the stated age was incorrect, he notified the company thereof and requested a cancellation of the policies, which the company has refused. The weekly premiums upon each of the policies have been paid to date.

The aggregate of the premiums paid to date amount to considerably more than the aggregate amount payable under the policies upon the death of the complainant.

The bill is not signed by the complainant nor did the Court have the benefit of his testimony, it having been explained that he was ill and out of the State. Mrs. Lanzi, who has been paying the premiums, signed the bill and testified that the complainant "gave the age as best he knew."

It does not appear how she could possibly have reliable knowledge of his state of mind at the several times he represented his age on the applications. The burden of showing honest mistake is on the complainant. So far as the evidence goes, the complainant is a normal person, and it is hardly conceivable that a normal person may be honestly mistaken to the extent of nine years of his age. Even in the absence of oral testimony to contradict this claim, the Court is not convinced that the complainant was honestly mistaken.

*Borden* vs. *Ide*, 52 R. I. 362, 365.

We believe it to be a plain case of intentional misstatement.

Assuming, however, that there was a mutual mistake of fact, we cannot grant the complainant relief for another reason. The policies contain the following incontestability clause:

"After this policy shall have been in force, during the lifetime of the insured, for one full year from its date, it shall be incontestable, except for non-payment of premiums, but if the age of the insured be misstated, the amount payable under this policy shall be such as the premiums would have purchased at the correct age."

As a part of the policy this clause is equally binding upon both parties inasmuch as they have expressly contracted relative to their respective rights and liabilities in the event of a mistake as to the proper age.

The policies have been in force for more than one full year. Hence they are incontestable. It is open to neither party to question the validity of the policies. The age of the complainant has been misstated, but the parties have provided a remedy open to each of them. By the clear provisions of the quoted clause, the "amount payable" under the policies will "be such as the premiums would have purchased at the correct age."

The complainant, however, replies that this clause is inoperable inasmuch as the company makes no practice of writing policies upon the life of a person who has passed the age of 60 years.

However, the company has the right under its charter to write such policies. Moreover, it is possible, by actuarial computation, to fairly determine what protection the insured is entitled to have for the premiums which he in fact has paid. Upon the death of the insured, the rights of the parties can be equitably adjusted by giving to the beneficiary such sum of money as is proper, having regard to the premiums actually paid and the true age of the insured.

For the foregoing reasons, the complainant is not entitled to the relief prayed for and the bill is denied and dismissed.

For complainant: Fergus McOsker.

For respondent: McGovern & Slattery.